July 30, 2017

Cullen Drescher Speckhart
Wolcott Rivers Gates
919 E. Main St. Suite 1040
Richmond, VA 23219



Case number: 15-32919-KRH
Chapter 11
Adversary Proceeding #: 17-04206-KRH
Judge Kevin R. Huennekens

    **Re: Health Diagnostic Laboratory, Inc., et. al (debtors)**
    **Richard Arrowsmith Liquidating Trustee of the HDL Liquidating Trust**
    **(plaintiff)**
    **V.**
    **WholeHealth Chicago-3, S.C. et al (defendants)**
    **Paul Rubin**
    **David Edelberg**
    **Kristen Donigan**
    **Casey Kelley**

Dear Sir or Madam:

I am in receipt of your Summons and Notice of an Adversary Proceeding which although filed on June 7, 2017 was, according to the postmark, mailed on July 21, 2017 and received by WholeHealth Chicago-3, S.C. (WHC-3) on July 24, 2017.

My name is David Edelberg, M.D., and am one of the founders and owners of WHC-3 as well as its Medical Director. This correspondence will represent myself and the other physicians named in the summons.

In 2013, I was approached by a representative from Health Diagnostic Laboratory, Inc., (HDL) describing a new group of blood tests being offered by their organization. Since much of our specialty involves preventive medicine, especially cardiology, these tests were very interesting to us. Our usual diagnostic lab, HealthLab (HL) (Winfield, IL) (with which we have absolutely no financial affiliation except that we provide a blood drawing area, and they provide equipment and a phlebotomist), acknowledged they were unable to provide several of the tests on the HDL Profile without incurring excessive costs to the patient or her insurance company.

Parenthetically, we receive salesmen from laboratories like HDL on a regular basis. We reject most of them because they offer tests that simply aren't useful to the nature of our practice. Currently, we use approximately a dozen labs in addition to HL. Virtually all these labs, which we term "specialty labs" operate the way HDL seemed to function. A patient's specimen is sent to a lab along with a copy of her insurance card and sometimes, but not necessarily, credit card information. Sometimes a lab takes no insurance at all, in which case the full cost for the test is mailed with the specimen.

Virtually all the these labs, **with the exception of HDL,** require no work on our part because no blood is drawn. With most such specialty labs, The patient receives a kit containing "specimen collection instructions," and collects her own urine, saliva, stool, and even breath, and mails it herself. We later receive the test results and review them with the patient.

HDL was different in that a separate appointment was required for the patient, who had to return in a fasting state. In addition, the phlebotomist had to draw multiple tubes of blood, centrifuge some of these, separate plasma from red blood cells and place them in different vials and (as I remember), place a small refrigerated pack with the specimens before the blood could be sent.

Apparently the HDL representative had heard this issue with physicians and was prepared to offer a small preparation and handling fee (the "P + H" fee referred to in the Summons.) He said their standard P + H reimbursement was $20 per patient which I personally a reasonable guess-timate taking into account the phlebotomist's time, the use of our space, malpractice, etc., namely all the expenses that come with running a busy multi-physician medical group.

The HDL representative left a contract to review and sample test kits. Our medical group voted to bring the test into our group, especially as HDL had agreed to handle all the insurance and collection issues. HDL had also agreed to accept whatever the insurance companies paid them and although they would bill the patient for unpaid balances, would not engage in any harsh collection tactics.

The HDL test became immediately popular with both physicians and patients and say whatever you will about the company management itself, the test offered patients a good snapshot of their lifetime health risks as well as the results of their positive lifestyle changes and/or medications. Since HDL's bankruptcy, several other lab companies have stepped into the breach, so to speak, offering the same test

package as HDL.

As you review the list of checks in the summons, you'll note the average check is about $1,200 per month. At $20 per specimen, this represents about sixty tests per month which sounds correct to me. In 2013 and 2014, WHC-3 consisted of five physicians and three nutritional counselors and the group would see in excess of 100 patients a day. With this number of patients, performing 60 HDL's per month is not overutilization of services.

With this letter, I am requesting that you drop further effort to collect the $13,140.00 demanded by the creditors. I would suggest that you tell them that this amount represents **fair and reasonable professional fees** for a legitimate and defined medical service.

If you are planning to move ahead on a collection attempt, I must request the following documents:

1. A copy of every requisition for any HDL test from WHC-3 that was ever received by and acted upon by HDL. It is important that I review these to make sure that any patients from other practices are not being inadvertently included

2. A copy of the HDL contract outlining their P + H policy. We have our copy but I want to make sure the creditors have read it as well

3. A copy of each of eleven cancelled checks and their endorsement from 11/2013 to 7/2014

I personally have been in practice over forty years. During these four decades, I have been offered "kickbacks" from surgeons, hospitals, nursing homes, home health agencies, purveyors of durable medical equipment, pharmaceutical companies, xray and MRI facilities, and yes, laboratories. I have also seen physician careers destroyed, licenses lost, and professionals doing actual jail time for getting involved in what they knew at the time was an illegal act but the money was too tempting.

Any salesperson who makes a proposal that carries even a distant whiff of "kickback," has always been politely shown to the door.

In retrospect, HDL always behaved quite professionally with us.

Sincerely,

David Edelberg, M.D.
Medical Director and Co-founder
WholeHealth Chicago

# United States Bankruptcy Court
### Eastern District of Virginia
Richmond Division

|  |  |
|---|---|
| In re: | Case Number   15-32919-KRH |
|  | Chapter   11 |
| Health Diagnostic Laboratory, Inc. | Adversary Proceeding Number 17-04206-KRH |
|  | Judge   Kevin R. Huennekens |
| Debtor(s) |  |
| Richard Arrowsmith, Liquidating Trustee |  |
| Plaintiff(s) |  |
| V. |  |
| WholeHealth Chicago-3, S.C. et al. |  |
| Defendant(s) |  |

## SUMMONS AND NOTICE IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and will be required to submit a motion or answer in the complaint, which is attached to this summons to the Clerk of the Bankruptcy Court prior to trial. You have thirty days from the date of service of this summons to respond to the complaint. Pursuant to the Order entered May 30, 2017, on the Amended Procedures Governing Avoidance Acition Adversary Proceedings (dkt. Number 2740), a copy of which is also attached to this summons, this proceeding is stayed until further order of the Court. The stay imposed hereto includes, but is not limited to, the requirement to hold a pretrial conference, conduct formal discovery (including discovery related motions practice), amended pleadings (including complaints), and file dispositive motions and response thereto. Upon the lifting of the stay, after the completion of the mediation procedures described in the Courts' May 30, 2017 Order, the court shall issue a scheduling order for this case.

| ADDRESS OF CLERK: | William C. Redden<br>United States Bankruptcy Court<br>701 East Broad Street<br>Richmond, VA 23219 |
|---|---|

You must serve a copy of your motion or answer upon the plaintiff's attorney.

| NAME AND ADDRESS OF<br>PLAINTIFF'S ATTORNEY: | Cullen Drescher Speckhart<br>Wolcott Rivers Gates<br>919 E. Main Street<br>Suite 1040<br>Richmond, VA 23219 |
|---|---|

YOU ARE NOTIFIED that a pretrial conference of the proceeding commenced by the filing of the complaint will be scheduled by the Court at a later date.

IF YOU FAIL TO RESPOND TO THIS SUMMONS OR IF YOU OTHERWISE FAIL TO COMPLY WITH THE ORDER ENTERED MAY 26, 2016, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

Date: June 7, 2017

WILLIAM C. REDDEN, CLERK OF COURT
By /s/ Candace Manley
Deputy Clerk



*[Note: It is the responsibility of counsel for the plaintiff/movant to advise the Court of any settlement or any other valid reason that a Court scheduled pretrial conference, hearing or trial need not be conducted. Counsel are advised to provide the Court with such notification as far in advance of any such conference, hearing or trial as is practical under the circumstances. Failure of such counsel to properly and timely notify the Court may result in the imposition of sanctions. Local Bankruptcy Rule 9013-1(O)].*
[ver. B250HDLvMay2017.jsp]

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re:<br><br>**HEALTH DIAGNOSTIC LABORATORY, INC.,** *et al.*,<br><br>Debtors.[1] | **Chapter 11**<br><br>Case No.: 15-32919-KRH<br><br>Jointly Administered |
| **RICHARD ARROWSMITH AS LIQUIDATING TRUSTEE OF THE HDL LIQUIDATING TRUST,**<br><br>Plaintiff,<br><br>v.<br><br>**WHOLEHEALTH CHICAGO - 3, S.C.,**<br><br>**PAUL RUBIN,**<br><br>**DAVID EDELBERG,**<br><br>**KRISTEN DONIGAN,**<br><br>**CASEY KELLEY,**<br><br>Defendants. | Adversary Proceeding No. 17-_____ |

---

[1] The debtors in these cases, along with the last four digits of each debtor's federal tax identification number, are: Health Diagnostic Laboratory, Inc. (0119), Central Medical Laboratory, LLC (2728), and Integrated Health Leaders, LLC (2434) (the "**Debtors**").

Cullen D. Speckhart (VSB No. 79096)
**WOLCOTT RIVERS GATES**
919 E. Main Street, Ste. 1040
Richmond, Virginia 23219
200 Bendix Road, Ste. 300
Virginia Beach, Virginia 23452
Telephone: (757) 687-3644
Email: hdl@wolriv.com

*Counsel to Plaintiff Richard Arrowsmith,*
*Liquidating Trustee of the HDL Liquidating Trust*